The Honorable George Hopkins State Senator 78 Harver Hills Malvern, AR 72104
Dear Senator Hopkins:
This is in response to your request for an opinion on seven questions regarding the proposed annexation of the Prattsville School District. It is my understanding that the registered voters of Prattsville have filed a petition with the county clerk seeking annexation to the Poyen School District, pursuant to A.C.A. 6-13-1201 et seq. (1993 Repl.), and that the petition has been certified by the county clerk in accordance with 6-13-1203(c)(1). It is also my understanding that subsequent to the filing of the petition, the Prattsville School Board filed a resolution seeking annexation of the Prattsville School District to the Sheridan School District, pursuant to 6-13-1202(a)(1)(C). Your questions, which arise from these facts, will be restated and addressed in the order posed.
Your first question is:
 I. What is the obligation of a County Board of Education to call a special election when they have a certified petition of more than the required 10% of registered voters according to Act 966 of 1991 Section 4 and they have no other petition or request from any other board or party?
 1. Must the County Board of Education call for an election?
2. If an election occurs, then must the County Board of Education order annexation based on the outcome of the election?
Act 966 of 1991 is codified at A.C.A. 6-13-1201 through -1207 (1993 Repl.). Section 4 of the Act can be found at A.C.A. 6-13-1203. As recently amended by Act 294 of 1993, 6-13-1203 now provides, in pertinent part:
 (a)(1) An election on the question of annexation or consolidation shall be held at a special election called by the controlling county board of education.
 (2) The controlling county board of education shall prepare the form of ballot for any election on the formation of school districts and the dissolution thereof or the annexation of territory as herein provided.
 (b) Upon receipt of a resolution by the district board of directors for annexation or consolidation of the school district, or upon petition of at least ten percent (10%) of the qualified electors of the district, the controlling county board of education shall call a special election on the question of annexation or consolidation.
According to this provision, the county board of education must call a special election on the issue of annexation upon petition of at least 10% of the qualified electors of the district.
With regard to whether the county board of education must order annexation based on the outcome of the election, reference should be made to A.C.A. 6-13-1202 (1993 Repl.), which governs the conditions under which annexation may begin. That section provides, in pertinent part:
 (a)(1) Annexation of a school district may begin under the following conditions:
 (A) Upon petition signed by a majority of the qualified electors of the district;
 (B) Upon a vote in an election on the question by a majority of those voting in the election; or
 (C) Upon resolution adopted by the district board of directors that the district no longer meets or cannot continue to meet the minimum standards for accreditation, or their successor.
 (2) Consent to annexation of a school district by the receiving district shall be evidenced by:
 (A) Resolution adopted by the receiving district board of directors;
 (B) A petition signed by a majority of the qualified electors of the receiving district; or
 (C) Vote in an election on the question by a majority of those voting in the election.
 (3)(A) Except as provided in subdivision (3)(B) of this section, the controlling county board of education shall order an annexation upon consent of the receiving district.
 (B)(i) If annexation begins under subdivision (a)(1)(C) of this section, the controlling county board of education shall publish notice of a public hearing on the petition. . . .
My interpretation of the above provisions is that the county board of education must order annexation upon consent of the receiving district, as demonstrated by one of three means: a resolution adopted by the receiving district board of directors, a petition signed by a majority of the district's qualified electors, or a majority vote in an election on the question. This necessarily assumes that the approval of the annexing district has also been demonstrated, either by a petition signed by a majority of the qualified electors of the district or by a majority vote in an election. See A.C.A. 6-13-1202(3)(A); 6-13-1202(a)(2)(A), (B), and (C); and 6-13-1202(a)(1)(A) and (B). If the approval of the annexing district is demonstrated only by a resolution adopted by the district board of directors in accordance with 6-13-1202(a)(1)(C), it appears that there must be a public hearing on the issue of annexation. See A.C.A. 6-13-1202(3)(B) (1993 Repl.). In answer to your question, then, it appears that if a majority of the voters in the annexing district vote for the annexation and the consent of the receiving district is demonstrated in one of the approved ways, the county board of education must order the annexation.
Your second question is:
 II. If annexation is ordered pursuant to the outcome of an election, then what entity makes annexation decisions on behalf of the annexed district? The County Board of Education? The local Board? Other?
Under A.C.A. 6-13-1204 and -1205, the members of the boards of directors of the affected districts are authorized to enter into an agreement regarding some aspects of the annexation. Thus, it appears that the board of directors of the annexing district is authorized to make at least some annexation decisions on behalf of its district. There is no indication in the governing statutes that another entity might be authorized to make any decisions on behalf of the annexing district, although I must point out that some decisions appear to be made by operation of law, absent an agreement by the affected districts to the contrary. See, e.g., 6-13-1204(a) (providing that unless an agreement is reached to the contrary, the effective date of the annexation shall be the July 1 following the annexation order); 6-13-1205(a) (providing that unless the boards of directors agree otherwise, the members of the board of directors of the affected districts shall continue to serve as and constitute the board of directors of the resulting district until the next regular school election); and 6-13-1205(b)(1) (providing that unless the boards of directors agree otherwise, the board of directors of the resulting district shall be composed of nine (9) members following annexation, and the term of a member of the board of directors shall not exceed five (5) years).
Your third question is:
 III. If annexation is ordered by the County Board of Education pursuant to special election outcome, must the accepting school district and the annexed district reach an annexation agreement? If negotiations cannot develop an agreement, what entity determines the details of annexation? The accepting school district? The annexed school's Board of Education? The County Board of Education? or other?
In response to these questions, it does not appear necessary for an agreement to be reached between the affected districts concerning the details of the annexation. As I noted above in response to your second question, 6-13-1204 and -1205 authorize the boards of directors of the annexing and receiving districts to reach an agreement on certain aspects of the annexation. As I also noted, failing such agreement, it appears that those details are determined by law.
Your fourth question is:
 IV. What does "certified petition" mean in the context of these provisions?
A.C.A. 6-13-1204(c)(1) requires all petitions to be filed with the appropriate county clerk and gives the clerk fourteen days after receipt of a petition to certify the signatures on the petition and notify the county board of education. Section 6-13-1204(d) provides for the taking of action by the county board of education upon receipt of a "certified petition." In my opinion, the term "certified petition" in this context simply means a petition certified by the county clerk in accordance with 6-13-1204(c)(1).
Your fifth question is:
 V. Does the fact that the Prattsville School district has now served its resolution to the county board subsequent to the receipt of the petitions have any impact on the obligation of the county board to act in this matter?
In my opinion, the fact that the Prattsville School Board has now served a resolution to the county board of education regarding annexation to the Sheridan School District does not affect the county board's obligation under A.C.A. 6-13-1203(b) to call a special election on the issue of annexation to the Poyen School District, brought about by petition of at least 10% of the qualified electors of the Prattsville District. As I will discuss below in response to your sixth question, however, it is my opinion that the county board of education will also have to act on the Prattsville School Board's resolution.
Your sixth question is:
 VI. Is the county board obligated to act upon the resolution of the Prattsville School Board due to the receipt of the petitions prior to the date of receipt of the School Board resolution?
The fact that the petition seeking annexation to the Poyen School District was received by the county board of education prior to the resolution of the school board seeking annexation to Sheridan would not, in my opinion, affect the county board of education's obligation to act upon the board's resolution. These are separate annexation proceedings, treated with equal dignity under the applicable statutes, and each has its own governing procedures. Section 6-13-1202(a)(3)(B) requires the county board of education to hold a public hearing when annexation begins by way of a resolution of the annexing district school board under 6-13-1202(a)(1)(C). If the Prattsville School Board's resolution was adopted pursuant to that provision, as is my understanding, it appears that the county board of education must hold a public hearing on the resolution in accordance with 6-13-1202(a)(3)(B). Although 6-13-1202(a)(3)(B)(iv) authorizes the county board of education to order annexation following the public hearing, upon a finding that the annexation would be in the best interests of the students in the district, another provision, 6-13-1203(b), appears to require the county board of education to call a special election on the question of annexation upon receipt of a resolution by the district board of directors for annexation of the district. It is arguable that 6-13-1203(b) requires an election on the Prattsville School Board's resolution, regardless of the outcome of the public hearing. There appears to be a hopeless conflict between these two provisions, which will have to be resolved either through the legislative or judicial process.[1]
Your seventh and final question is:
 Is the county board of education obligated to act upon the petitions signed by over 10% of the registered voters of Prattsville School District due to the fact that the school board has served its resolution upon the county board of education subsequent to the filing of the citizens' petitions? Based upon the facts as are presented to you, is there any prohibition upon the county board of education calling for a special election to allow the voters of Prattsville District to decide the issue?
As I stated above, there appear to be two separate and independent annexation proceedings underway in Prattsville. The fact that the school board served a resolution upon the county board of education seeking annexation to the Sheridan School District does not, in my opinion, affect the county board of education's obligation under 6-13-1203(b) to call a special election on the issue of annexation to the Poyen School District, which arose by petition of the qualified electors of Prattsville. As observed in footnote 1, above, the county board may presumably place both annexation issues before the voters at a single special election, if it so chooses.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Catherine Templeton.
Sincerely, WINSTON BRYANT Attorney General
WB:cyh
[1] The legislature obviously did not contemplate the occurrence of simultaneous conflicting annexation proceedings, as has occurred in Prattsville. As a practical matter, however, there would not seem to be a prohibition against having both annexation questions on the ballot at a special election.